SEYFARTH SHAW LLP
Dana L. Peterson (SBN 178499)
dpeterson@seyfarth.com
David J. Kim (SBN 349802)
dakim@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:   (310) 277-7200
Facsimile:   (310) 201-5219

Attorneys for Defendants
BEAUTY INDUSTRY GROUP, OPCO LLC
BELLAMI HAIR, LLC
RANDILYN DELA CRUZ

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN SANCHEZ, an individual,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BEAUTY INDUSTRY GROUP, OPCO LLC, BELLAMI HAIR, LLC, RANDILYN DELA CRUZ, and DOES 1 through 100, inclusive,<br><br>　　　　　Defendants. | Case No.<br><br>[Los Angeles Superior Court Case No. 24STCV03811]<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**<br><br>*[Concurrently filed with Civil Cover Sheet; Declarations of Dana L. Peterson; Randilyn Dela Cruz, Darin Jacobs and Brian Garica in support thereof; Notice of Interested Parties and Corporate Disclosure Statement]* |

DEFENDANTS' NOTICE OF REMOVAL

309756994v.1

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF KAREN SANCHEZ AND HER COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants Beauty Industry Group Opco, LLC ("BIG Opco"), Bellami Hair, LLC ("Bellami Hair"), and Randilyn Dela Cruz ("Dela Cruz") (hereinafter collectively referred to as "Defendants") hereby remove the above referenced action from the Superior Court of the State of California for the County of Los Angeles, to the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§1332 and 1441(a) and (b), based on diversity of citizenship jurisdiction, and state that removal is proper for the following reasons:

## I. BACKGROUND

1. On February 14, 2024, Plaintiff Karen Sanchez ("Plaintiff") filed a civil complaint in the Superior Court of the State of California for the County of Los Angeles, entitled "*Karen Sanchez, Plaintiff v. Beauty Industry Group, Opco, LLC, Bellami Hair, LLC, Randilyn Dela Cruz, and DOES 1 through 100, inclusive, Defendants*," designated as Case No. 24STCV03811 ("Complaint").

2. The Complaint alleges seven causes of action: (1) "Wrongful Termination in Violation of Public Policy"; (2) "Discrimination in Violation of Fair Employment and Housing Act ("FEHA"); (3) Retaliation in Violation of FEHA; (4) Failure to Engage in Int. Process in Violation of FEHA; (5) Failure to Provide Reasonable Accommodation in Violation of FEHA; (6) Failure to Prevent Discrimination and Retaliation in Violation of FEHA; and (7) Retaliation in Violation of Labor Code § 1102.5."

3. Counsel for Defendants retrieved from the Los Angeles County Superior Court's website, the three Proofs of Service dated February 21 and February 22, 2024, showing all three Defendants were served, on February 20, 2024[1] with the Summons, Complaint, Civil Case Cover Sheet, Notice of Case Management Hearing, Notice of Case

---

[1] Although the service on all three defendants was defective, for purposes of this Notice of Removal, Defendants are not contesting service.

Assignment, and Alternative Dispute Resolution Information Package. A true and correct copy of the packet is attached to the Declaration of Dana L. Peterson ("Peterson Decl.") in support of this Notice of Removal as **Exhibit A**. A true and correct copy of the Proofs of Service is attached to the Declaration of Dana L. Peterson in support of this Notice of Removal as **Exhibit B**.

4. On March 20, 2024, Defendants BIG Opco and Bellami Hair, timely filed an Answer to the Complaint in the Los Angeles County Superior Court. A true and correct copy of the Answer is attached to the Declaration of Dana L. Peterson as **Exhibit C**.

5. As discussed in greater detail below, jurisdiction based on diversity of citizenship is proper because Defendants are not citizens of California (Defendants BIG Opco and Bellami Hair are citizens of Delaware and Utah, and Defendant Dela Cruz is a citizen of Utah) and the amount in controversy exceeds $75,000.

## II. TIMELINESS OF REMOVAL

6. The time for filing a Notice of Removal does not begin to run until a party has been formally served with the summons and complaint under the applicable state law "setting forth the claim for relief upon which such action or proceeding is based" or, if the case stated by the initial pleading is not removable, after receipt of any "other paper from which it may be first ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446; *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (holding that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint"); *Kenny v. Wal-Mart Stores, Inc.*, 881 F.3d 786, 791 (9th Cir., Feb. 1, 2018) ("We have also emphasized that 'a defendant does not have a duty of inquiry if the initial pleading or other document is 'indeterminate' with respect to removability.' *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013) (citing *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 693-94 (9th Cir. 2005)).

7. This Notice of Removal is timely filed as it is filed less than one year from the date this action was commenced and within thirty days of service upon Defendants.

28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) (thirty-day deadline to remove commences upon service of the summons and complaint).

### III. PROCEEDINGS IN STATE COURT

8. Attached as **Exhibits A, B, and C** to the Declaration of Dana L. Peterson are all of the pleadings in the Superior Court's record that have been served on Defendants BIG Opco and Bellami Hair, filed by Defendants or Plaintiff, or retrieved from the Court's records prior to the filing of this Notice of Removal. (Peterson Decl., ¶ 2.)

9. Written notice of the filing of this Notice of Removal is being delivered to Plaintiff through her counsel of record. A copy of the Notice of Removal will be filed with the Clerk of the Superior Court of the State of California for the County of Los Angeles.

### IV. REMOVAL ON THE BASIS OF DIVERSITY JURISDICTION

10. Because this action is between citizens of different states and the amount in controversy exceeds the sum or value of seventy-five thousand dollars ($75,000), exclusive of interest and costs, this Court has original jurisdiction over this action pursuant to 28 USC section 1332(a)(1). Accordingly, this action is removable to this Court pursuant to 28 U.S.C. section 1441(a).

#### A. Plaintiff Is A Citizen Of California

11. To establish citizenship for diversity purposes, a natural person must be both (a) a citizen of the United States, and (b) a domiciliary of one particular state. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Residence is prima facie evidence of domicile. *State Farm Mutual Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). A person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return. *Kanter v. Warner–Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

12. Here, Plaintiff alleges that she "is and at relevant times alleged was a resident of the State of California." (Compl. ¶ 1.) Plaintiff's allegation that she is a

resident of California is *prima facie* evidence that Plaintiff's domicile is California, and, therefore, Plaintiff is a citizen of California. *Dyer*, 19 F.3d at 520. Additionally, Plaintiff's administrative charge that was filed with the California Civil Rights Department on January 19, 2024, states that Plaintiff resides in the City of Los Angeles in the State of California. (See Ex. A, Compl., and administrative charge attached thereto, ¶ 3.)

13. Plaintiff's domicile in California is also confirmed by a LexisNexis public records search through March 19, 2024. This search shows that, at all times relevant, Plaintiff has had an address in Los Angeles county in zip codes 90039, 90008, and/or 90029. Additionally, during the relevant period of December 2022 to present, the LexisNexis records do not show addresses for Plaintiff other than in the State of California during her employment with Defendant Bellami Hair or thereafter. (Peterson Decl., ¶ 3, Ex. D.) In addition, Defendant's personnel records reflect that Plaintiff maintained an address in California at all times during her employment with Defendant. (Declaration of Brian Garcia ("Garcia Decl."), ¶ 6.)

14. Plaintiff, therefore, is, and at all times since the commencement of this action, has been a resident and citizen of the State of California.

**B.     Defendant BIG Opco Is Not A Citizen Of California**

15. Defendant BIG Opco is and was at the time of the filing of this action a citizen of a state other than California within 28 U.S.C. §1332(c)(1). Limited liability companies are unincorporated associations for purposes of 28 U.S.C. §1332. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (holding that, "like a partnership, an LLC is a citizen of every state of which its owners/members are citizens").

16. At all times since Plaintiff commenced this lawsuit, Defendant BIG Opco's sole member has been BIG PledgeCo, LLC. (Declaration of Darin Jacobs "Jacobs Decl.", ¶ 5.)

17. At all times since Plaintiff commenced this lawsuit, BIG PledgeCo, LLC's sole member has been BIG Buyer, LLC. (*Id.* at ¶ 8.)

18. At all times since Plaintiff commenced this lawsuit, BIG Buyer, LLC's sole member has been BIG Intermediate, LLC. (*Id.* at ¶ 9.)

19. At all times since Plaintiff commenced this lawsuit, BIG Intermediate, LLC's sole member has been Notorious Topco, LLC. (*Id.* at ¶ 10.)

20. At all times since Plaintiff commenced this lawsuit, Notorious Topco, LLC's sole member has been Notorious Guarantor LLC. (*Id.* at ¶ 11.)

21. At all times since Plaintiff commenced this lawsuit, Notorious Guarantor LLC's sole member has been Notorious Holdings, LLC. (*Id.* at ¶ 12.)

22. At all times since Plaintiff commenced this lawsuit, Notorious Holdings, LLC's sole members have been Notorious Purchaser II, Inc. and Notorious Blocker, Inc. (*Id.* at ¶ 13.)

### 1. Notorious Purchaser II, Inc. Is Not A Citizen Of California

23. At all times since Plaintiff commenced this lawsuit, Notorious Purchaser II, Inc. has been a citizen of a State other than California within the meaning of 28 U.S.C. section 1332(c)(1). For diversity purposes, "a corporation is a citizen of (1) the state under whose laws it is organized or incorporated; and (2) the state of its 'principal place of business.'" *Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1028 (9th Cir. 2009) (citing 28 U.S.C. 1332(c)(1)).

24. Notorious Purchaser II, Inc. is now, and ever since this action commenced has been, incorporated under the laws of the State of Delaware. (Jacobs Decl., ¶ 14.) Further, Notorious Purchaser II, Inc. does not have a physical corporate headquarter or principal place of business in any state. (Jacobs Decl., ¶ 15.)

### 2. Notorious Blocker, Inc. Is Not A Citizen Of California

25. At all times since Plaintiff commenced this lawsuit, Notorious Blocker, Inc. has been a citizen of a State other than California within the meaning of 28 U.S.C. section 1332 (c)(1).

5
DEFENDANTS' NOTICE OF REMOVAL

309756994v.1

26. Notorious Blocker, Inc. is now, and ever since this action commenced has been, incorporated under the laws of the State of Delaware (Jacobs Decl., ¶ 16.). Further, Notorious Blocker, Inc. does not have a physical corporate headquarter or principal place of business in any state. (Jacobs Decl., ¶ 17.)

27. Therefore, for purposes of diversity of citizenship, BIG Opco is, and has been at all times since this action commenced, a citizen of the State of Delaware, and diversity exists between Plaintiff and BIG Opco. 28 U.S.C. §1332(c)(1).

### C. Defendant Bellami Hair Is Not A Citizen Of California

28. Bellami Hair is now and, at all times since the commencement of this action has been, a citizen of a State other than California within the meaning of 28 U.S.C. §1332(c)(1).

29. In this case, Bellami Hair, LLC is now and ever since this action commenced has been, a limited liability company, organized under the laws of the State of Delaware.

30. At all times since Plaintiff commenced this lawsuit, Bellami Hair's sole member has been Bellami, LLC. (Jacobs Decl., ¶ 6.)

31. At all times since Plaintiff commenced this lawsuit, Bellami, LLC's sole member has been BIG PledgeCo, LLC. (*Id*. at ¶ 7.)

32. At all times since Plaintiff commenced this lawsuit, BIG PledgeCo, LLC's sole member has been BIG Buyer, LLC. (*Id*. at ¶ 8.)

33. At all times since Plaintiff commenced this lawsuit, BIG Buyer, LLC's sole member has been BIG Intermediate, LLC. (*Id*. at ¶ 9.)

34. At all times since Plaintiff commenced this lawsuit, BIG Intermediate, LLC's sole member has been Notorious Topco, LLC. (*Id*. at ¶ 10.)

35. At all times since Plaintiff commenced this lawsuit, Notorious Topco, LLC's sole member has been Notorious Guarantor LLC. (*Id*. at ¶ 11.)

36. At all times since Plaintiff commenced this lawsuit, Notorious Guarantor LLC's sole member has been Notorious Holdings, LLC (*Id*. at ¶ 12.)

37. At all times since Plaintiff commenced this lawsuit, Notorious Holdings, LLC's sole members have been Notorious Purchaser II, Inc. and Notorious Blocker, Inc. (*Id*. at ¶ 13.)

38. As stated above, Notorious Purchaser II, Inc. and Notorious Blocker, Inc. are now, and ever since this action commenced have been citizens of Delaware.

39. Therefore, for purposes of diversity of citizenship, Bellami Hair is, and has been at all times since this action commenced, a citizen of the State of Delaware, and diversity exists between Plaintiff and Bellami Hair, LLC. 28 U.S.C. §1332(c)(1).

### D. Defendant Dela Cruz Is Not A Citizen Of California

40. Defendant Dela Cruz is now, and at all times since the commencement of this action has been, a citizen of a State other than California. (*See* Declaration of Randilyn Dela Cruz ("Dela Cruz Decl.")).

41. Dela Cruz is a resident of Salt Lake City, Utah. (Dela Cruz Decl. ¶ 3.) Dela Cruz has resided in Utah since December 16, 2023 and has no intention to move in the immediate future. (*Id*. ¶¶ 3 and 4.) The fact that Dela Cruz is a resident of Utah is *prima facie* evidence that Dela Cruz's domicile is Utah, and, therefore, Dela Cruz is a citizen of Utah. *Dyer*, 19 F.3d at 520.

42. Since Plaintiff alleges that she is a resident of California, and Defendants have submitted evidence establishing that California is Plaintiff's state of domicile, and Defendants are citizens of the State of Utah and Delaware, this Court has original jurisdiction over this action pursuant to 28 U.S.C. section 1332(a)(1), and the action is removable to this Court pursuant to 28 U.S.C. section 1441(a).

### E. Doe Defendants' Citizenship

43. The presence of Doe defendants in this case has no bearing on diversity of citizenship for removal. 28 U.S.C. § 1441(a) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.").

44. Pursuant to 28 U.S.C. section 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal

jurisdiction under 28 U.S.C. section 1332. *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition). Thus, the existence of Doe defendants 1 through 100, inclusive, does not deprive this Court of jurisdiction.

## V.    AMOUNT IN CONTROVERSY

45.    While Defendants deny any liability as to Plaintiff's claims, the amount in controversy requirement is satisfied because "it is more likely than not" that the amount exceeds the jurisdictional minimum of $75,000.  *See Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 403-04 (9th Cir. 1996) ("[T]he defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [the threshold] amount.") (internal quotations and citations omitted).

46.    In her Complaint, Plaintiff claims that she has "sustained direct, indirect, incidental, consequential, general, special, economic and non-economic compensatory damages in excess of $1,000,000.00"  (Compl. ¶¶ 37, 41, 45, 49, 53, 57, and 61.)  She also claims that she "is entitled to punitive damages from each Defendant in a sum proven necessary to punish and make an example of said Defendant for Defendant's malicious and oppressive conduct and that conduct which reflects a conscious disregard of the Plaintiff's rights, in an amount which exceeds $1,000,000.00 according to proof at trial."  (Compl. ¶¶ 38, 42, 46, 50, 54, 58, and 62.)

47.    As explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that the Court may consider facts presented in the removal petition).  Even when the amount in controversy is not apparent from the face of the complaint (which it is here), a defendant may state underlying facts supporting its assertion that the amount in controversy exceeds the jurisdictional threshold.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992).

48.    In determining the amount in controversy, the Court must consider the aggregate of general damages, special damages, punitive damages, and attorneys' fees.

*Galt G/S v. JSS Scandinavia*, 142 F. 3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *Davenport v. Mut. Benefit Health & Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law); *Conrad Assocs. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) ("amount in controversy" includes claims for general and special damages, including attorneys' fees and punitive damages).

49. Here, considered together, the general and special damages sought by Plaintiff, along with the attorneys' fees and punitive damages that might be awarded if Plaintiff prevails, establish by a preponderance of evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C. §1332(a).

### A. Plaintiff's Claims Exceed $75,000

50. Courts routinely find removal appropriate in employment discrimination and retaliation cases, even when the alleged lost wages do not exceed the jurisdictional amount at the time of the removal, because of the possibility of substantial punitive damages, emotional distress damages and attorneys' fee awards.

51. The amount in controversy requirement is satisfied because "it is more likely than not" that Plaintiff's claims exceed the jurisdictional minimum based on the allegations in Plaintiff's Complaint. *See Sanchez*, 102 F.3d at 404 ("the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [the threshold] amount") (internal citation omitted). Therefore, Defendant needs to show only that there is a "reasonable probability that the stakes exceed," $75,000. *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005). A defendant is not obliged to research, state and prove Plaintiff's claims for damages. *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). A defendant can establish the amount in controversy by the allegations in the Complaint, or

1  by setting forth facts in the notice of removal that demonstrate that the amount placed in
2  controversy by Plaintiff exceeds the jurisdictional minimum. *Id*.

3      52. In establishing the amount in controversy, this burden "is not 'daunting,' as courts recognize that under this standard, a removing defendant is not obligated to 'research, state, and prove the plaintiff's claims for damages.'" *Korn v. Polo Ralph Lauren Corp.*, 536 F.Supp.2d 1199, 1204-05 (E.D. Cal. 2008). When determining whether a civil action exceeds the $75,000 jurisdictional amount in controversy requirement, the Court looks to "facts presented in the removal petition as well as any summary-judgment type evidence relevant to the amount-in-controversy at the time of the removal." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *Labastida v. McNeil Technologies, Inc.* (S.D. Cal., Feb. 25, 2011, No. 10CV1690-MMA CAB) 2011 WL 767169, at *3. The Court must presume the plaintiff will prevail on each and every one of her claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes that "plaintiff prevails on liability.")). Accordingly, general, special, compensatory, and punitive damages, and attorneys' fees that are recoverable by statute may all be included in the jurisdictional amount in controversy calculation. *See, e.g., Fritsch v. Swift Transportation Company of Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018) ("Among other items, the amount in controversy includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract. [citations]"); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) ("The amount in controversy includes the amount of damages in dispute, as well as attorney's fees, if authorized by statute or contract." (citing *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998)); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-1156 (9th Cir. 1998).

### B. Lost Earnings And Other Employment Benefits

53. Here, without admitting the validity of Plaintiff's causes of action (all of which are expressly denied by Defendants), the amount in controversy is in excess of $75,000, exclusive of interest and costs.

54. As stated above, through her Complaint, Plaintiff continuously alleges that she "has sustained direct, indirect, incidental, consequential, general, special, economic and non-economic compensatory damages in excess of $1,000,000.00[.]" (*See* Compl., ¶¶ 37, 41, 45, 49, 53, 57, and 61). She also makes a claim for $1,000,000.00 in punitive damages. (*See* Compl. ¶¶ 38, 42, 46, 50, 54, 58, and 62.)

55. Plaintiff's Complaint alleges claims under FEHA. Under such sections, a prevailing plaintiff is entitled to lost compensation, including fringe benefits, in the amount that he or she would have received but for the adverse employment action, less sums obtained through mitigation. *Parker v. Twentieth Century-Fox Film Corp.*, 3 Cal. 3d 176, 181 (1970).

56. Plaintiff was hired by Bellami Hair in or around July of 2019 and worked for Bellami Hair until her termination on October 11, 2023. (Compl. ¶¶11 and 12). Bellami Hair's records indicate that Plaintiff was paid an annual salary of $95,394.00 per year as her base salary at the time of her termination. (Garcia Decl. ¶ 5.) Approximately 17 months will have elapsed since Plaintiff's termination on October 11, 2023 through a conservative anticipated trial date of March 21, 2025, making Plaintiff's approximate lost wages during this time period $135,141.50 ($7,949.50/month x 17 months). Conservatively estimating the value of her health or other benefits, the compensatory damages alone would exceed $75,000.

### C. The Claims In Plaintiff's Complaint Also Establish The Amount In Controversy

57. Based on Plaintiff's allegations, should Plaintiff prevail, it is more likely than not that she would recover over $75,000 in damages as there have been, in recent years, several verdicts in discrimination and wrongful termination cases entered in favor

of plaintiffs in California where the awarded damages exceeded $75,000.  *See, e.g., Hoeper v. City and County of San Francisco*, CGC-15-543553, 2017 WL 1136098 (San Francisco County Sup. Ct. Mar. 17, 2017) ("jury found for the plaintiff and awarded her $601,630 in past lost earnings, $136,318 in future lost earnings, and $1,291,409 for emotional distress, mental anguish and humiliation"); *Carroll v. Armstrong*, 34-2012-00135527-CU-OE-GDS, 2016 WL 7094518 (Sacramento County Sup. Ct. Aug. 10, 2016) ("jury found for the plaintiff and awarded her $481,225.00 for past lost earnings, $932,200 for future lost earnings, $681,103 for future pension plan benefits, and $750,000 for emotional distress, pain and suffering"); *Hawkins v. City of Los Angeles*, 2016 WL 8649664, VX541066, (Los Angeles County Sup. Ct. Jun. 17, 2016) (plaintiff "was awarded $88,531 in economic damages and $150,000 in non-economic damages"); *Watson v. Janssen Pharmaceuticals Inc.et al.*, Case No. BC696761, 2022 WL 20508720 (November 9, 2022 verdict) ($870,215 on plaintiff's claims for disability discrimination and retaliation in violation of FEHA based on protected CRFA entitlement); *Whithorn v. City of West Covina*, Los Angeles Superior Court, Case No. 20STCV08916, 2023 WL 4890639 (May 5, 2023 verdict) ($4,145,595 verdict on plaintiff's claims for age discrimination, disability discrimination, retaliation for taking medical leave, and wrongful termination for taking medical leave for his disabilities).  Plaintiff's allegations that she was discriminated against and terminated because of an alleged disability are similar to the issues in these cases.

58. Defendant has attached these verdicts as **Exhibit E** to the concurrently filed Declaration of Dana L. Peterson for the Court's review.

### D. Emotional Distress Damages

59. Plaintiff also alleges that she "suffered and/or continues to suffer, *inter alia*, anxiety, depression, nervousness, humiliation, anguish, distress, stress, grief, embarrassment, disappointment, worry, pain and suffering.  (Compl., ¶ 31.)

60. Plaintiff's claims for these emotional distress damages adds thousands of dollars to the amount in controversy.  A review of jury verdicts in California

demonstrates emotional distress awards in discrimination cases commonly exceed $75,000. *E.g.*, *Silverman v. Stuart F. Cooper Inc.*, 2013 WL 5820140 (Los Angeles Sup. Ct.) (jury awarded $151,333 for emotional distress damages in discrimination case); *Vasquez v. Los Angeles Cnty. Metro. Transp. Auth.*, 2013 WL 7852947 (Los Angeles County Sup. Ct.) (award of $1,250,000 for pain and suffering in discrimination case); *Leimandt v. Mega RV Corp.*, 2011 WL 2912831 (Orange County Sup. Ct.) (jury awarded $385,000 in pain and suffering to employee in a discrimination case); *Welch v. Ivy Hills Corp.*, 2011 WL 3293268 (Los Angeles County Sup. Ct.) (award of $1,270,000 in pain and suffering to employee in age discrimination action); *DFEH v. County of Riverside*, 2003 WL 24304125 (Riverside County Sup. Ct.) (jury award of $300,000 in emotional distress damages for failure to accommodate claim)

61. Plaintiff's allegations of emotional distress are similar to the issues raised in these cases. Defendants have attached these verdicts as **Exhibit F** to the concurrently filed Declaration of Dana L. Peterson for the Court's review.

### E. Attorneys' Fees And Costs Also Could Exceed $75,000

62. Plaintiff claims that she is entitled to attorneys' fees and costs. (*See* Peterson Decl., Ex. A, Compl., Prayer For Relief). Attorneys' fees are properly considered in calculating the amount in controversy for purposes of removal on grounds of diversity jurisdiction. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory).

63. Courts have also awarded far in excess of $75,000.00 in attorneys' fees in cases involving employment-related claims. *See, e.g., Crawford v. DIRECTV, Inc.*, 2010 WL 5383296 (Los Angeles County Sup. Ct.) (approving attorneys' fee award of $159,762.50); *Davis v. Robert Bosch Tool Corp.*, 2007 WL 2014301, *9 (Cal. Ct. App. 2d Dist. July 13, 2007) (individual plaintiff sought $1.6 million in fees); *Denenberg v. Cal. Dep't of Transp.*, 2006 WL 5305734 (San Diego County Sup. Ct.) (attorneys' fees award of $490,000 for claims).

64. Defendants have attached these verdicts as **Exhibit G** to the concurrently filed Declaration of Dana L. Peterson for the Court's review.

65. Defendants anticipate depositions being taken in this case, and that ultimately, Defendants will file a Motion for Summary Judgment. Based on defense counsel's experience, attorneys' fees in employment discrimination and wrongful termination cases often exceed $75,000. In this regard, it is more likely than not that the fees will exceed $75,000.00 through discovery and a summary judgment hearing, and the fees would certainly exceed $75,000.00 if the case proceeds to trial. (Peterson Decl., ¶ 7.)

### F.  Punitive Damages

66. Finally, the Court must also consider Plaintiff's request for punitive damages in determining the amount in controversy. *Davenport*, 325 F.2d 785, 787 (punitive damages must be taken into account where recoverable under state law). (See Compl., ¶¶ 38, 42, 46, 50, 54, 58, 62; Prayer For Relief, ¶ 2.)

67. Plaintiff's employer, Defendant Bellami Hair, is a large entity. The economic resources of the defendant and the amount of compensatory damages are two of three factors courts consider in arriving at punitive damage awards. *See, e.g., Lane v. Hughes Aircraft Co.*, 22 Cal. 4th 405, 417 (2000) (finding "three factors relevant to the assessment of punitive damages: (1) the degree of reprehensibility of the act; (2) the amount of compensatory damages awarded; and (3) the wealth of the particular defendant."). In *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408, 427-28 (2003), the Court held that: "The wealth of a defendant cannot justify an otherwise unconstitutional punitive damages award . . . That does not make its use [in determining the constitutionality of punitive damage awards] unlawful or inappropriate; it simply means that this factor cannot make up for the failure of other factors. . . ." (internal citations omitted). Therefore, the request for punitive damages weighs in favor of establishing the amount in controversy.

68. Courts have affirmed jury verdicts in cases with claims similar to Plaintiff's claims often exceed $75,000, especially when they include punitive damages, which Plaintiff also seeks. *See, e.g., Aboulida v. GACN Inc.*, 2013 WL 811991 (Los Angeles Sup. Ct.) (award of $1,000,000 in punitive damages in discrimination case); *Ward v. Cadbury Schweppes Bottling Grp.*, 2011 WL 7447633 (C.D. Cal.) (jury awarded $9,687,400 in punitive damages to six employees in discrimination and retaliation action).

69. Based upon the allegations contained in the Complaint, Defendants are informed and believe that Plaintiff seeks damages within the jurisdictional authority of this Court. Because diversity of citizenship exists between Plaintiff and Defendants, and the matter in controversy between the parties is in excess of $75,000.00, this Court has original jurisdiction of the action pursuant to 28 U.S.C. section 1332(a)(1). This action is therefore a proper one for removal to this Court.

## VI. VENUE

70. Pursuant to 28 U.S.C. section 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Under 28 U.S.C. section 84(c)(3), this Court embraces the Superior Court of the State of California for Los Angeles County. Accordingly, this Court is the appropriate Court to which to remove this action. 28 U.S.C. § 1441(a).

## VII. SERVICE OF NOTICE OF REMOVAL

71. This Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California and for the County of Los Angeles.

72. In compliance with 28 U.S.C. section 1446(a), true and correct copies of all process, pleadings, and orders served in this action are attached hereto. They are as follows: Summons and Complaint (Peterson Decl., Exhibit A), Proof of Service filed by

Plaintiff Karen Sanchez (Peterson Decl., Exhibit B), and Answer filed by Defendants BIG Opco, Bellami Hair, and Dela Cruz (Peterson Decl., Exhibit C).

## VIII. PRAYER FOR REMOVAL

WHEREFORE, Defendants pray that this civil action be removed from the Superior Court of the State of California, County of Los Angeles to the United States District Court for the Central District of California.

DATED: March 21, 2024           SEYFARTH SHAW LLP

By: *Dana Peterson*
Dana L. Peterson
David J. Kim
Attorneys for Defendants
Beauty Industry Group, Opco LLC,
Bellami Hair, LLC, and
Randilyn Dela Cruz