SEYFARTH SHAW LLP
Dana L. Peterson (SBN 178499)
dpeterson@seyfarth.com
David J. Kim (SBN 349802)
dakim@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:  (310) 277-7200
Facsimile:  (310) 201-5219

Attorneys for Defendants
BEAUTY INDUSTRY GROUP, OPCO LLC
BELLAMI HAIR, LLC

Michael Akopyan, State Bar No. 239574
AKOPYAN LAW FIRM, A.P.C.
15821 Ventura Blvd., Ste. 645
Encino, California 91436
Telephone:   (818) 509-9975
Facsimile:    (818) 804-3686
E-mail:        michael@akopyanlaw.com

Attorneys for Plaintiff KAREN SANCHEZ

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN SANCHEZ, <br><br> Plaintiff, <br><br> v. <br><br> BEAUTY INDUSTRY GROUP, OPCO LLC, BELLAMI HAIR, LLC, RANDILYN DELA CRUZ, and DOES 1 through 100, inclusive, <br><br> Defendants. | Case No. 2:24-cv-02341-SPG-BFM <br><br> **JOINT RULE 26(F) REPORT** <br><br> Complaint Filed:         February 15, 2024 <br> Removal Filed:           March 21, 2024 <br> Proposed Trial Date:  August 5, 2025 <br> Mandatory Sched. Conf:  Not Set |

Pursuant to Federal Rules of Civil Procedure 26 and Local Rule 26-1, Plaintiff Karen Sanchez ("Plaintiff") and Defendant Beauty Industry Group Opco, LLC and Defendant Bellami Hair, LLC ("Defendants") (collectively "Parties") hereby submit the following Joint Rule 26(f) Discovery Plan.

## I. STATEMENT OF THE CASE

### A. Plaintiff's Position

Defendants hired Plaintiff in 2019. Plaintiff's work performance was outstanding. She received commendations from the Company's president in 2021, and a promotion in 2022. In December of 2022, Plaintiff was severely injured in a car crash. Sanchez' injuries included physical injuries (e.g. shoulder injury) and non-physical injuries (e.g. anxiety). Plaintiff was disabled within the meaning of the Fair Employment and Housing Act.

In accordance with her doctor's orders, Plaintiff requested several accommodations for her disabilities, including but not limited to; permission to sometimes work from home; modification of her daily schedule to accommodate doctors' appointments; and light duty work which does not include lifting over 5 lbs., bending, lifting, and twisting.

Defendants failed to engage Plaintiff in the required good faith interactive process, failed to accommodate Defendants' disability, and instead discriminated against Plaintiff based on her disability. Among other things, Plaintiff's immediate supervisor Defendant DeLaCruz (who has now been dismissed from this case) responded to Plaintiffs' requests for reasonable accommodations by putting her on a sham Performance Improvement Plan.

Starting in May of 2023 Plaintiff made several verbal and written complaints to HR regarding the discrimination, retaliation, and failure to accommodate.

This was not the first time that she opposed unlawful activities. Before being placed on a sham Performance Improvement Plan Plaintiff had discovered that Defendants were engaged in the unlawful practice of fraud, deceit, and false advertising. More specifically Defendants falsely, fraudulently, and deceptively advertised that their product was made of cuticle hair, whereas Defendants' product was not made of hair with cuticle follicles. Plaintiff had complained about these unlawful practices to no avail.

On October 11, 2023, Defendant terminated Plaintiff's employment, and immediately thereafter posted job advertisements for Plaintiff's job. The Defendants excuse for terminating Sanchez' employment is contrived, false, fabricated, and pretextual. The real reason why Defendants fired Sanchez was her disability, request for a reasonable accommodation for her disability, and repeated complaints mentioned above.

The Complaint alleges the following causes of action: (1) Wrongful Termination in Violation of Public Policy; (2) Discrimination in Violation of Fair Employment and Housing Act ("FEHA"); (3) Retaliation in Violation of FEHA; (4) Failure to Engage in Interactive Process in Violation of FEHA; (5) Failure to Provide Reasonable Accommodation in Violation of FEHA; (6) Failure to Prevent Discrimination and Retaliation in Violation of FEHA; and (7) Retaliation in Violation of Labor Code § 1102.5.

### B. Defendants' Position

Defendants deny each one of Plaintiff's allegations.

Plaintiff was a full-time Product Development Manager in Chatsworth, California. Defendants assert that, at all relevant times, they maintained and adhered to compliant workplace policies. During her employment, Plaintiff requested various workplace accommodations and leaves which were always granted/provided. Defendants deny that Plaintiff was discriminated against in any way. Defendants further deny that Plaintiff was subjected to any form of retaliation. Consequently, Defendants deny that Plaintiff has suffered any damages at all as a result of any alleged actions or inactions by Defendants.

In October 2023, Plaintiff's position was eliminated as part of a reduction-in-force and her employment was terminated. Her termination was for a legitimate, non-retaliatory and non-discriminatory reason.

## II. SUBJECT MATTER JURISDICTION

On February 15, 2024, Plaintiff filed a civil complaint in the Superior Court of the State of California for the County of Los Angeles, Case No. 24STCV03811. On March 20, 2024, Defendants filed their Answer to Plaintiff's Complaint in the Los Angeles County Superior Court. On March 21, 2024, Defendants and individual defendant Randilyn Dela

Cruz filed a Notice of Removal to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441. (*See* Dkt. No. 1.) As stated therein, the action was removed on the grounds that the parties are diverse and the amount in controversy exceeds $75,000. Plaintiff is a resident and citizen of the State of California. Defendants' members were and are citizens of Delaware and Utah during all relevant times in this lawsuit.

### III. LEGAL ISSUES

#### A. Plaintiff's Position

In general terms the following issues require resolution: (1) the nature and extent of the relationship between the two entity defendants (i.e. joint employers, alter-egos, and/or successors-in-interest); (2) Randilyn Dela Cruz' role within Defendants' organization (i.e. director, officer, managing agent, person acting on behalf of the entity Defendants, person with authority over Plaintiff); (3) whether Defendants engaged in the required good faith interactive process required by the FEHA; (4) whether Defendants reasonably accommodated Plaintiff's disability; (5) whether Defendants discriminated against Plaintiff based on her disability; (6) whether Defendants retaliated against Plaintiff for making the above-described complaints; (7) the true reason for Defendants' termination of Plaintiff's employment, and whether the employers' stated reason is false and pretextual; (7) Plaintiff's damages, both economic and non-economic, both past and future; (8) Defendants financial condition for punitive damages.

#### B. Defendants' Position

1. Whether Plaintiff was subjected to discrimination on the basis of her disability;

2. Whether Plaintiff suffered any injuries related to her employment with Bellami Hair, LLC;

3. Whether Plaintiff engaged in protected activity under the Fair Employment and Housing Act or Labor Code Section 1102.5;

311206954v.3

    4.    Whether Plaintiff was subjected to any adverse action on the basis of engaging in any protected activity;

    5.    Whether Plaintiff suffered from any disability during her employment with Bellami Hair, LLC;

    6.    Whether Plaintiff initiated the interactive process;

    7.    Whether the interactive process broke down for any reason;

    8.    Whether Plaintiff was ever denied a reasonable accommodation for any alleged disability;

    9.    Whether Plaintiff has incurred any damages; and

    10.    Whether Plaintiff has mitigated her damages.

## IV.  PARTIES, EVIDENCE, ETC.

### A.  Parties

Plaintiff, Karen Sanchez. Defendant Beauty Industry Group Opco, LLC. Defendant Bellami Hair, LLC. On April 18, 2024, the Parties stipulated to dismiss the individual defendant listed in the caption page, Randilyn Dela Cruz, and on April 19, 2024, this Court granted the Parties' stipulation and dismissed Ms. Dela Cruz.

### B.  Percipient Witness

#### 1.  Plaintiff's Position

Plaintiff continues her investigation. Based on information presently known the following individuals were identified as fact witnesses in Plaintiff's initial disclosures: Plaintiff, Randilyn Dela Cruz, Ryan Sieverson, Fadi Murad, John Costanza, Brian Garcia, Dawn Goodwin, Marsha McFarlane, Nicholas Hernandez, Denise Aguilar, Christine Wu, Andrew Chane, Jessica Woienski, Nicole Lutton, Art Garcia, Ana Marquez, Diana Ter-Stepanian, Evish Kamrava M.D., Hyon Sung, M.D., Mari Verano, LMFT., Narbeh Yermian, Isaura Balderama, Jennifer Wojinski, Leslie Rodriguez; Marylin Cheverria, Rayana Wren, Yuritzy Perez, Veronica Galvan, Lizbet Dulac, Maya Jones, Josie Huesca, Phillipe Brezinski, Miguel Sanchez, Douglas Sanchez, Maria Sanchez, Ana Sanchez, Marvin Sanchez, Jennifer Sanchez, Persons Most Knowledgeable of Defendant Beauty

Industry Group, OPCO, LLC., Persons Most Knowledgeable of Defendant Bellami Hair, LLC. Additionally expert witnesses may, and likely will be used but Plaintiff has not yet consulted or retained any experts at this time.

### 2. Defendants' Position

Defendants are presently investigating Plaintiff's claims and has yet to develop a witness list; however, at the moment: Plaintiff, Randilyn Dela Cruz, Brian Garcia, Denise Aguilar, and Dawn Goodin. Additional witnesses are likely to be discovered as discovery continues and Defendant reserves the right to disclose at the appropriate time expert witnesses and rebutaal witnesses.

### C. Key Documents

#### 1. Plaintiff's Position

Plaintiff continues her investigation. Based on information presently known the Plaintiff produced 446 pages of documents as part of her initial disclosures. Of these, the following documents are the more important ones: Defendants' employee handbook, Plaintiff's job application, and email relating thereto, Defendants' offer of employment letter and emails relating thereto, commendation email from Defendants' president and documents relating to Plaintiff's job performance, employer forms and documents relating to Plaintiff's promotion and raise, medical records, doctors notes, and other documents establishing Plaintiff's disability and specific limitations, including documents establishing that Defendants considered and treated Plaintiff as being disabled, documents establishing Plaintiff's requests for reasonable accommodations, as well as Defendants failure to provide the same; documents showing that Defendant unreasonably refused to accommodate Plaintiff's disability, and instead treated her differently because of it; documents including emails showing that Plaintiff complained repeatedly to Defendants regarding discrimination and failure to accommodate; the retaliatory fabricated Performance Improvement Plan, and other documents showing Defendants retaliated against Plaintiff, communications between Plaintiff and HR, documents relating to

311206954v.3

Defendants' unlawful practice of misrepresenting its products, and Plaintiff's complaints regarding the same, documents relating to Plaintiff's economic and non-economic damages.

### 2. Defendants' Position

Key documents in this case include: (a) Plaintiff's employment/personnel files related to Plaintiff's job performance; (b) any documents by Plaintiff supporting any of her claims; (c) any documents related to Plaintiff's alleged damages or attempts to mitigate her damages; (d) any documentation alleged by Plaintiff to have been provided to Defendant related to any of her claims; (e) emails to and from Plaintiff and documentation regarding Plaintiff's requests for workplace accommodations; (f) emails and documentation confirming that Plaintiff was reasonably accommodated and that Defendant engaged in the interactive process in good faith; (g) emails and documentation related to complaints raised by Plaintiff after she was placed on a Performance Improvement Plan; (h) Bellami's relevant policies and procedures, including, but not limited to, Plaintiff's job duties and policies against harassment, discrimination, and retaliation, to be produced subject to the Stipulated Protective Order.

## V. DAMAGES

### A. Plaintiff's Position

Plaintiff seeks to recover the following categories of damages:

Past and future non-economic damages, including damages for anxiety, depression, nervousness, humiliation, anguish, distress, stress, grief, embarrassment, disappointment, worry, pain, and suffering. The exact amount of Plaintiff's non-economic damages will be determined by the trier of fact. The non-economic damages sought by Plaintiff are in the province of the jury. The exact sum Plaintiff will seek has not been determined as discovery is in its initial stages. However, Plaintiff intends to seek more than $1,000,000.00 in non-economic damages. This is not a limit on non-economic damages recoverable at trial, and Plaintiff reserves the right to seek a greater amount at trial.

Past and future economic damages, including damages for past and future loss of earnings and employment benefits. Plaintiff intends to retain an expert witness to prepare

a report regarding her past and future economic damages. Plaintiff expects that the report will compute all elements of economic damages recoverable under applicable law. The exact sums Plaintiff will seek have not been determined as discovery is in its initial stages. However, as of the date of this disclosure, Plaintiff's past economic damages are estimated to be approximately $59,500.00 calculated as follows: While Plaintiff worked for Defendants, she earned $98,000.00 per year plus benefits. The value of the Defendants' contribution to benefits is unknown at this time. However, based on the foregoing it is estimated that Plaintiffs' total monthly compensation including wages and benefits was at least $8,500.00. Plaintiff's employment was terminated on October 11, 2023 (i.e. roughly 7 months ago). Plaintiff's future economic damages are estimated to accrue at the rate of $8,500.00 each month until such a time when Plaintiff secures comparable employment. These are not limits on economic damages recoverable at trial, and Plaintiff reserves the right to seek a greater amount at trial.

Exemplary damages. The exact amount punitive damages will be determined by the trier of fact. The punitive damages sought by Plaintiff are in the province of the jury. The exact sum Plaintiff will seek has not been determined.

Such other relief as may be warranted or as is just and proper.

Plaintiff reserves the right to update his damages amounts as new information is received.

### B. Defendant's Position

Defendants dispute each and every claim of damages alleged and demanded by Plaintiff. Although Plaintiff attempts to seek over $75,000 in damages, Defendants deny Plaintiff was damaged as a result of any conduct by Defendants.

## VI. INSURANCE

### A. Plaintiff's Position

Plaintiff is informed and believes that there is insurance that may apply to this case. Plaintiff has no knowledge of coverages or reservations of rights.

311206954v.3

    **B.**    **Defendant's Position**

Plaintiff's claims may be covered through Defendants' employment practices liability insurance, subject to self-insured retention and reservation of rights on claims.

## VII.  MOTIONS

    **A.**    **Procedural Motions**

        **1.**    **Plaintiff's Position**

Plaintiff does not presently anticipate filing motions seeking to add other parties or claims, file amended pleadings, transfer venue, or challenge the court's jurisdiction.

        **2.**    **Defendants' Position**

Defendants anticipate the possibility of bringing motions in limine, although due to the early stage of the case, Defendants cannot anticipate the grounds for these motions at this time. In the event of any discovery disputes, Defendants reserve the right to proceed with the appropriate motion, though whether any such motions will be necessary, and their consent, is currently unknown.

    **B.**    **Dispositive Motions**

        **1.**    **Plaintiff's Position**

Plaintiff does not presently anticipate filing dispositive motions. Given the nature of this case, and based on the information and documentation that Plaintiff already produced as a part of her initial disclosure, Plaintiff believes that there is no legitimate basis for Defendants to file any dispositive motion.

        **2.**    **Defendants' Position**

Defendants anticipate they will bring a motion for summary judgment on Plaintiff's claims, and contend that Plaintiff's claims may be determined by a motion for summary judgment, summary adjudication or by motion for judgment on the pleadings. Defendants believe that after taking Plaintiff's deposition and exchange of written discovery, there will be no genuine issues of disputed material fact.

    **C.**    **Class Certification Motion**

This is not a class action. No class certification motion will be filed.

## VIII. MANUAL FOR COMPLEX LITIGATION

The procedures for complex litigation do not need to be utilized.

## IX. DISCOVERY

### A. Status Of Discovery

On May 9, 2024, the Parties participated in Rule 26(f) conference telephonically. Michael Akopyan on behalf of Plaintiff and Dana L. Peterson on behalf of Defendants.

On May 30, 2024, Plaintiff made her initial disclosures required by Federal Rules of Civil Procedure Rule 26(a)(1). Defendant will do the same by June 4, 2024.

### B. Discovery Plan

#### 1. Electronic Discovery

At the present time, the Parties do not anticipate any issues regarding the disclosure or discovery of electronically stored information. The Parties will cooperate with each other regarding the production of these documents as the need arises.

#### 2. Plaintiff's Position

Plaintiff anticipates propounding interrogatories, requests for admission, and requests for production. Plaintiff also anticipates taking depositions. Plaintiff anticipates Plaintiff will need to conduct discovery regarding the following issues and/or topics: The nature and extent of the Defendants' efforts, if any, to accommodate Plaintiff's disability, and/or engage in the good faith interactive process. The Defendants' failure to accommodate Plaintiff's disability, and/or engage in the good faith interactive process. Plaintiff's disability and limitations. Plaintiff's attendance and/or absences from work. Plaintiff's work performance. All complaints by Plaintiff during her employment, including the basis for said complaints, and Defendants' handling of Plaintiff's complaints. The termination of Plaintiff's employment, including the reasons therefor. The veracity of the Defendants' stated reason for terminating Plaintiff's employment. The nature and extent of the Defendants' efforts, if any, to prevent the alleged discrimination and/or retaliation from occurring. The nature and extent of the relationship between Bellami and BIG Opco, as well as their employment of Plaintiff. Defendants' organizational structure,

including Randylin Dela Cruz' role within their organization.  Damages.  Defenses raised by Defendants.  Plaintiff anticipates completing non-expert discovery by February 18, 2025.

### 3. Defendants' Position

Defendants anticipate propounding interrogatories and requests for production. Defendants anticipate that they will take Plaintiff's deposition by November 2024. Defendants may need to take additional depositions, including additional witnesses to Plaintiff's claims, if warranted.

### C. Discovery Cut-Off

The Parties propose February 18, 2025, as the non-expert discovery cutoff, *i.e.*, as the final day for completion of discovery, including all discovery motions.

### D. Expert Discovery

The Parties propose February 26, 2025, as the last date for initial expert disclosures, March 12, 2025, as the last day rebuttal expert disclosures, and March 19, 2025, as the expert discovery cutoff.

### E. Settlement Conference/ADR

The Parties have not engaged in any settlement negotiations to date.  Plaintiff is amenable to private mediation but believes that it would be premature to mediate this case at the present time given Defendants' stated evaluation of liability and damages. Defendants are not presently amenable to private mediation given the facts of this case and case value.  The parties are agreeable to a Mandatory Settlement Conference.  The Parties have no preference between a Magistrate Judge or a Court Mediation Panel mediator.

### F. Trial

#### 1. Trial Estimate.

The Parties estimate a six (6) to eight (8) day jury trial.  Plaintiff currently contemplates calling 9 to 12 non-expert witnesses, and 2-4 expert witnesses.  Defendants currently contemplate calling 3-5 witnesses.

#### 2. Jury or Court Trial.

Plaintiff requests a jury trial.

311206954v.3

### 3. Consent to Trial Before a Magistrate Judge.

The Parties do not consent to try the case before a magistrate judge.

### 4. Lead Trial Counsel.

Michael Akopyan will serve as lead counsel for Plaintiff. Ani M. Akopyan may participate in the trial on behalf of Plaintiff. Dana L. Peterson will serve as lead counsel for Defendants. David J. Kim will also participate in trial on behalf of Defendants.

### G. Independent Expert or Master

The Parties do not presently anticipate utilizing an independent expert or master in this case.

### H. Other Issues

The Parties presently do not have any other issues. The Parties respectfully request that the Mandatory Scheduling Conference be scheduled not earlier than July 11, 2024 based on Plaintiff's counsel's pre-planned vacation and unavailability through July 1, 2024 and Defense counsel's pre-planned vacation and unavailability from June 27 through July 10, 2024.

DATED: June 4, 2024                     Respectfully submitted,

                                        AKOPYAN LAW FIRM, A.P.C.

                                        By: */s/ Michael Akopyan*
                                            Michael Akopyan
                                            Attorney for Plaintiff
                                            KAREN SANCHEZ

DATED: June 4, 2024                     Respectfully submitted,

                                        SEYFARTH SHAW LLP

                                        By: */s/ Dana L. Peterson*
                                            Dana L. Peterson
                                            David J. Kim
                                            Attorneys for Defendants
                                            BEAUTY INDUSTRY GROUP,
                                            OPCO LLC
                                            BELLAMI HAIR, LLC

**JUDGE SHERILYN PEACE GARNETT**
**<u>SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET</u>**

*Please complete this worksheet jointly and file it with your Joint Rule 26(f) Report.*
***The Court <u>ORDERS</u> the parties to make every effort to agree on dates.***

| Case No. 2:24-cv-02341-SPG-BFM | Case Name: Karen Sanchez v. Beauty Industry Group, OPCO LLC, et. al. | | |
|---|---|---|---|
| **Trial and Final Pretrial Conference Dates** | | **Parties' Joint Date** mm/dd/yyyy | **Court Order** |
| Check one: [✓] Jury Trial or [ ] Court Trial [ ] Magistrate Judge (*Tuesday* at 8:30 a.m., within 12 months of Scheduling Conference) Estimated Duration: 6-8 Days | | 08/05/2025 | [ ] Jury Trial [ ] Court Trial |
| Final Pretrial Conference ("FPTC") [L.R. 16] **(Wednesday at 3:00 p.m., at least 18 days before trial)** | | 06/18/2025 | |
| **Event** [1] **Note:** Hearings shall be on **Wednesday** at 1:30pm Other dates can be any day of the week | **Weeks Before FPTC**[2] | **Parties' Joint Date** mm/dd/yyyy | **Court Order** |
| Last Date to <u>Hear</u> Motion to Amend Pleadings / Add Parties [Wednesday] | | 02/18/2025 | |
| Fact Discovery Cut-Off (No later than deadline for filing dispositive motion) | 18 | 02/18/2025 | |
| Expert Disclosure (Initial) | 16 | 02/26/2025 | |
| Expert Disclosure (Rebuttal) | 14 | 03/12/2025 | |
| Expert Discovery Cut-Off | 14[2] | 03/19/2025 | |
| Last Date to <u>Hear</u> Motions[3] • Motions due at least 4 weeks before hearing; • Opposition due 2 weeks after motion is filed before hearing; • Reply due 1 week after Opposition is filed | 12 | 03/26/2025 | |
| Last Date to <u>Hear</u> *Daubert* Motions | 8 | 04/23/2025 | |
| Deadline to Complete Settlement Conference [L.R. 16-15] <u>Select</u> one: [ ] 1. Magistrate Judge *(with Court approval)* [✓] 2. Court's Mediation Panel [✓] 3. Private Mediation | 5 | 05/14/2025 | [ ] 1. Mag. J. [ ] 2. Panel [ ] 3. Private |
| **Trial Filings (first round)** • Motions *In Limine* (except *Daubert*) • Memoranda of Contentions of Fact and Law [L.R. 16-4] • Witness Lists [L.R. 16-5] • Joint Exhibit List [L.R. 16-6.1] • Joint Status Report Regarding Settlement • Proposed Findings of Fact and Conclusions of Law [L.R. 52] (court trial only) • Declarations containing Direct Testimony, if ordered (court trial only) ) | 4 | 05/21/2025 | |
| **Trial Filings (second round)** • Oppositions to Motions in Limine • Joint Proposed Final Pretrial Conference Order [L.R. 16-7] • Joint/Agreed Proposed Jury Instructions (jury trial only) • Disputed Proposed Jury Instructions (jury trial only) • Joint Proposed Verdict Forms (jury trial only) • Joint Proposed Statement of the Case (jury trial only) • Proposed Additional Voir Dire Questions, if any (jury trial only) • Evidentiary Objections to Declarations. of Direct Testimony (court trial only) | 2 | 06/04/2025 | |

[1] Once issued, this "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)4).

[2] The numbers below represent the Court's recommended timeline. The parties may propose alternate dates based on the needs of each individual case. Class Actions and ERISA cases may need to vary from the above.

[3] Before filing Rule 56 motions, parties must review and comply with the Court's Standing Order for MSJ, which sets forth the briefing schedule and specific requirements for joint briefing and filing such motions